NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-944

TERRY J. TRAHAN, JR.

VERSUS

ROBERT M. BUATT, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2008-11199
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Robert A. Mahtook, Jr.
Lisa M. Milazzo
Mahtook & LaFleur
Post Office Box 3605
Lafayette, LA 70502-3605
(337) 266-2189
Counsel for Defendants/Appellees:
        Robert M. Buatt
        Voyager Indemnity Insurance Company

Bradley G. Frizzell
David C. Laborde
The Laborde Law Firm
Post Office Box 80098
Lafayette, Louisiana 70598-0098
(337) 261-2617
Counsel for Plaintiff/Appellant:
        Terry J. Trahan, Jr.

**KEATY, Judge.**

In this appeal, we find that the plaintiff, who did not object to the jury interrogatories at trial, is barred from doing so on appeal. Accordingly, the judgment of the trial court is affirmed.

## FACTS

On September 16, 2008, Terry J. Trahan, Jr., was riding his motorcycle on Clement Road in Egan, Louisiana, when a dog owned by Robert Buatt ran into the road and toward Trahan, who lost control of his motorcycle and crashed. Trahan's shoulder was injured in the crash.

Trahan filed suit against Robert Buatt and Voyager Indemnity Insurance Company, asserting that Buatt, as owner of the dog, was liable for Trahan's injuries since his dog caused the accident.

The matter proceeded to trial by jury April 5-9, 2010. The jury found that the dog was owned by Buatt, and that the dog caused the accident, but that "Mr. Trahan was [not] damaged by Mr. Buatt's dog[.]" The trial court then issued a judgment on April 20, 2010 in favor of the defendants, dismissing all of Trahan's claims against the defendants and casting him with costs.

Trahan filed a motion for judgment notwithstanding the verdict (JNOV) and a motion for new trial, which were denied. Subsequently, Trahan lodged this appeal, assigning two errors for our review:

1) The jury erred in finding that the harm suffered by Terry Trahan, Jr.'s [sic], who had no prior injuries to his shoulder or subsequent incidents, was not caused by the dog's action in the accident in question.

2) The lower court erred in submitting an interrogatory to the jury which misled the jury to the extent it was prevented from dispensing justice.

Addressing these errors would require that we consider the appropriateness of the jury interrogatories and the subsequent findings of the jury. We cannot do so. This court has held that "[w]hen a party fails to object to jury interrogatories before the jury retires, the party waives his right to raise the objection on appeal." *Edwards v. Daugherty*, 97-1542, p. 43 (La.App. 3 Cir. 3/10/99), 729 So.2d 1112, 1136, *writs denied,* 99-1393, 99-1434 (La. 9/17/99), 747 So.2d 1105 (citing *Sebastien v. McKay,* 94-203 (La.App. 3 Cir. 11/23/94), 649 So.2d 711; *Horton v. McCrary,* 620 So.2d 918 (La.App. 3 Cir. 1993), *reversed in part on other grounds,* 93-2315 (La. 4/11/94), 635 So.2d 199).

A careful review of the record supports the conclusion that Trahan did not object to the jury interrogatories at any time in open court. After reading the jury instructions, including instructions concerning the jury interrogatories, the trial court dismissed the jurors to begin deliberations. The following discussion then took place:

> THE COURT: All jurors are out of the room, the door is closed. Any objections you want to put on the record?
>
> MR. LABORDE: No, Your Honor.
>
> MR. MAHTOOK: No, Your Honor.

Even when given a chance to make objections to the jury interrogatories in open court, Trahan did not take advantage of that opportunity. Accordingly, these issues have been waived and are not properly before us on appeal.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are cast against Plaintiff/Appellant, Terry J. Trahan, Jr.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.